UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JAYSON REEVES, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CIVIL NO. 2:13cv83 |
| BERNARD CARTER and UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss by the defendant Bernard Carter ("Carter"), on April 17, 2013. Also before the court is a motion to dismiss filed by the United States of America on April 29, 2013. The plaintiff, Jayson Reeves ("Reeves"), proceeding *pro se*, has filed eight motions with various titles, all of which generally request a court date for a review of what Reeves terms "The Endless Loop Crisis".

For the following reasons, the motions to dismiss will be granted and Reeve's motions will be denied.

Discussion

This matter was initially filed in Lake Superior Court, wherein Reeves seeks damages in the amount of $6000 from Bernard Carter, who is the Prosecuting Attorney for Lake County, Indiana. Reeves also seeks $6000, from David Capp, the United States Attorney for the Northern District of Indiana. After removing this case from state court to this Court on March 4, 2013, the United States of America filed a notice of substitution of the United States in place of defendant David Capp. On March 5, 2013, this Court directed that the Clerk of the Court substitute the United States in place of defendant David Capp. Both defendants request

dismissal, arguing that Reeves has failed to state a claim upon which relief may be granted.

When deciding a Rule 12(b)(6) motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Kirk v. City of Kokomo*, 772 F.Supp 2d 983, 988 (S.D. Ind. 2011) (citing *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991)). "[F]actual allegations in the complaint must be sufficient to raise the possibility of relief above a 'speculative level', assuming that all of the allegations in the complaint are true." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citation omitted). Detailed factual allegations are not required, but the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

After the Supreme Court's ruling in *Iqbal*, this Court is to use a "two-pronged" approach to evaluate the sufficiency of a complaint. "First, although a court must accept as true all of the allegations contained in the complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Hayden v. Paterson*, 594 F.3d 150, 161 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). "At the second step, a court should determine whether the well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement of relief." *Id.* (internal quotations omitted).

Moreover, "a plaintiff can plead itself out of court when it admits all the ingredients for an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co*., 372 F.3d 899, 901 (7th Cir.

2004). Under those circumstances, it is appropriate to dismiss an otherwise valid claim under Rule 12(b)(6). *Id*.

Clearly, Reeve's Complaint contains rambling, incoherent and conclusory statements that fail to put the defendants on sufficient notice as to the claims against them. For example, the Complaint alleges that "Bernard Carter . . .[] with some of their constituents made some people vulnerable To Severe Conflicts and Crime!!!" *See Compl*. at 6. In other parts of the Complaint, Plaintiff alleges that Carter "includes a few other people knew and or did not care that some people would Instigate and Commit 'Financial' conflicting crimes, and manipulative crimes against people whom have tried to keep their household in financial order to the best of their ability." *See id*. at 4. The Complaint makes similar incomprehensible claims against David Capp, alleging that David Capp failed to take unspecified actions in his official capacity to prevent harm to Reeves.

As the Supreme Court and Seventh Circuit have noted, the Court does not have to accept as true any allegations that assert legal conclusions, threadbare recitals, or other conclusory statements. *See Paterson*, *supra*, 594 F.3d at 161. Reeves' Complaint is replete with such statements and does not advance a legally actionable theory against either defendant such that they are on sufficient notice to be able to adequately respond to the Complaint.

To the extent Reeves is seeking damages from Carter in his official capacity as the prosecuting attorney for Lake County, Indiana, the suit is barred by the doctrine of prosecutorial immunity. Prosecutors in Indiana enjoy absolute immunity in performing their duties in their official capacity. *See Foster v. Pearcy*, 387 N.E.2d 446 (Ind. 1979). In *Foster*, the Indiana Supreme Court reiterated the longstanding common law immunity that prosecuting attorneys

3

enjoy. *Id*. at 449. The court noted that its decision "will insure that the prosecutor will be able to exercise the independent judgment necessary to effectuate his duties to investigate and prosecute criminals and to apprise the public of his activities." *Id.* The actions or omissions alleged by Reeves against Carter are not actionable and are barred by the longstanding doctrine of prosecutorial immunity for official discretionary acts. Carter "enjoys absolute immunity for his official actions as the State's advocate." *Id*. at 448.

Moreover, to the extent Reeves seeks to recover damages from Carter in his individual capacity, the claim is precluded by the immunity provided in the Indiana Tort Claims Act, codified at Indiana Code Section 34-13-3-5. "Subsection 5(c) of the [Indiana] Tort Claims Act provides that a claim against employees in their individual capacities must allege that the acts complained of were, 'criminal, outside the scope of employment, malicious, willful and wanton, or for the personal benefit of the employee.'" *See Niksich v. Cotton*, 810 N.E.2d 1003, 1006 (Ind. 2004). (holding that Plaintiff's failure to allege any circumstances under the immunity statute was reason enough for the court to find that Plaintiff failed to state a claim against the defendants and dismissal without prejudice was proper.).

Likewise, the Federal Tort Claims Act (FTCA) provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of employees of the United States. Accordingly, Reeves' complaint against the United States is cognizable, if at all, only under the FTCA.

Reeves' complaint does not allege satisfaction of, or even mention, the requirement pursuant to 28 U.S.C. § 2675(a) of the Federal Tort Claims Act (FTCA) that plaintiffs asserting tort claims against federal defendants first must submit an administrative claim to the appropriate

4

federal agency and either receive a denial of the administrative claim or wait six months before initiating judicial litigation. Because Reeves alleges wrongful acts or omissions of a United States Attorney, the appropriate federal agency is the United States Department of Justice (DOJ). Reeves never submitted an administrative claim to DOJ before filing this case in state court on February 5, 2013.

The United States, as sovereign, is immune from suit without its consent. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). Congress has waived sovereign immunity for tort claims against the United States for torts committed by federal employees in their official capacity. 28 U.S.C. § 1346(b); 2679. To the extent that it is comprehensible, Reeves' Complaint alleges that United States Attorney David Capp failed to take unspecified actions in his official capacity to prevent harm to Reeves.

When Congress attaches conditions to legislation waiving the sovereign immunity of the United States, "those conditions must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (internal quotations and citations omitted); *see Block v. North Dakota*, 461 U.S. 273, 287 (1983). The exclusive remedy for tort claims against the United States is the FTCA. *Feres v. United States*, 340 U.S. 135, 140 (1950); 28 U.S.C. §§ 1346(b), 2679(a)-(b)(1).

As the Seventh Circuit explains, the FTCA's administrative claim requirement, found in 28 U.S.C. § 2675(a), provides that "'[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in

5

writing' or six months have passed without decision. This statute does not authorize suits or postpone adjudication of suits; it forbids the institution of suits prior to the administrative decision." *McNeil v. United States*, 964 F.2d 647, 648 (7th Cir. 1992), *aff'd* 508 U.S. 106 (1993); *accord Richardson v. United States*, 831 F. Supp. 657, 659-60 (N.D. Ind. 1993).

Accordingly, as Reeves' Complaint fails to state a claim on which relief may be granted, and also fails to comply with the requirements of the Indiana Tort Claims Act and the Federal Tort Claims Act, the Complaint will be dismissed in its entirety.

## Conclusion

On the basis of the foregoing, Carter's motion to dismiss [DE 25] and the United States' motion to dismiss [DE 29] are both hereby GRANTED.

Reeves' motions [DE 10, 11, 12, 13, 14, 16, 21, 33] are hereby all DENIED.

Entered: August 26, 2013.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court